1  **Jason K. Singleton**, State Bar #166170
2  **Richard E. Grabowski**, State Bar #236207
   **SINGLETON LAW GROUP**
3  **611 "L" Street, Suite A**
   **Eureka, CA 95501**
4  **lawgroup@sbcglobal.net**
   **(707) 441-1177**
5  **FAX  441-1533**

6  Attorneys for Plaintiff, R&D COMPUTERS

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10 | **RITCHIE PHILLIPS, dba R&D COMPUTERS,**      ) Case No.
                                                   )
11 |       **Plaintiff,**                          )
                                                   )
12 | vs.                                           ) **COMPLAINT FOR DAMAGES AND**
                                                   ) **INJUNCTIVE RELIEF – VIOLATION OF**
                                                   ) **CAN-SPAM ACT OF 2003 [15 U.S.C. §**
13 | **NETBLUE, INC., formerly known as**          ) **7701,** *et seq.***] AND CALIFORNIA**
     **YFDIRECT, INC., also doing business as**   ) **BUSINESS & PROFESSIONS CODE §§**
14 | **MARKETSURVEYGROUP.COM, also dba**          ) **17529.5**
     **EASYEZSTREET.COM, also dba**               )
15 | **MINGLYCOMP.INFO, also dba**                 ) **DEMAND FOR JURY TRIAL**
                                                   )
16 | **EVERYFREEGIFT.COM, KENNETH CHAN,**          )
     **aka KENNETH CHEN, SCOTT REWICK,**          )
17 | **DEREK PILCH, FREDRICK HARMAN, and**        )
     **DOES ONE through FIFTY, inclusive,**       )
18 |                                               )
                                                   )
19 |       **Defendants.**                         )

20         Plaintiff **RITCHIE PHILLIPS dba R&D COMPUTERS**, an Internet Access Provider,

21 complains of Defendants **NETBLUE, INC., formerly known as YFDIRECT, INC., also doing**

22 **business as MARKETSURVEYGROUP.COM, also dba EASYEZSTREET.COM, also dba**

23 **MINGLYCOMP.INFO, also dba EVERYFREEGIFT.COM, KENNETH CHAN, aka KENNETH**

24 **CHEN, SCOTT REWICK, DEREK PILCH, FREDRICK HARMAN, and DOES ONE through**

25 **FIFTY, inclusive**, and alleges violations of *CAN-SPAM Act, 15 U.S.C. § 7704(a) and (b)* and

26 *California Business and Professions Code § 17529.5(a)* and requests injunctive relief,

27 liquidated damages, statutory damages, aggravated damages, and attorney fees authorized as

28 remedies under *15 UCS § 7706(g)* and *California Business and Professions Code §*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        1

*17529.5 (b)(1)(B)*.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to **28 U.S.C. § 1331** for violations of the *CAN-SPAM Act of 2003 (15 U.S.C. §§ 7701 et seq.)*. This Court also has original jurisdiction under **15 U.S.C. § 7706(g)(1)** for cases involving a civil action by an **internet access provider** adversely affected by a violation of section **15 U.S.C. § 7704(a)(1), 15 U.S.C. § 7704(b), or 15 U.S.C. § 7704(d)**, or a pattern or practice that violates paragraph *(2), (3), (4), or (5) of section 15 U.S.C. § 7704(a)*. Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of **California Business & Professions Code § 17529.5**.

2. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district.

## FACTUAL ALLEGATIONS

3. Plaintiff is informed and believes and therefore alleges that Defendant **YFDIRECT, INC.** is believed to be a corporation of unknown type or origin, or the agent of a corporation providing internet marketing services to retailers selling to residents of the United States and California over the internet. Defendant **YFDIRECT, INC.** is believed to be the predecessor corporation to Defendant **NETBLUE, INC.** Defendant **YFDIRECT, INC.** is believed to be a wholly owned subsidiary of Defendant **NETBLUE, INC.** Defendant **NETBLUE, INC.** is believed to be a corporation or the agent of a corporation or partnership providing internet marketing services to retailers selling to residents of the United States and California over the internet.

4. Plaintiff is informed and believes and therefore alleges that Defendants **MARKETSURVEYGROUP.COM, EASYEZSTREET.COM, MINGLYCOMP.INFO,** and **EVERYFREEGIFT.COM,** are aliases or agents for Defendants **NETBLUE, INC.** and/or **YFDIRECT, INC.**

5.      Plaintiff is informed and believes and therefore alleges that Defendants **KENNETH CHAN, aka KENNETH CHEN SCOTT REWICK, DEREK PILCH,** and **FREDRICK HARMAN** are officers and operating managers of Defendants **YFDIRECT, INC.** and **NETBLUE, INC.**

6.      Plaintiff **RITCHIE PHILLIPS dba R&D COMPUTERS (hereinafter R&D COMPUTERS)** does not know the true names and capacities of defendants **NETBLUE, INC., formerly known as YFDIRECT, INC., also doing business as MARKETSURVEYGROUP.COM, also dba EASYEZSTREET.COM, also dba MINGLYCOMP.INFO, also dba EVERYFREEGIFT.COM, KENNETH CHAN, aka KENNETH CHEN, SCOTT REWICK, DEREK PILCH, FREDRICK HARMAN, and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein complained of, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **NETBLUE, INC., formerly known as YFDIRECT, INC., also doing business as MARKETSURVEYGROUP.COM, also dba EASYEZSTREET.COM, also dba MINGLYCOMP.INFO, also dba EVERYFREEGIFT.COM, KENNETH CHAN, aka KENNETH CHEN, SCOTT REWICK, DEREK PILCH, FREDRICK HARMAN, and DOES ONE to FIFTY, inclusive**, are ascertained.

7.      Plaintiff is informed and believes that all named defendants, including **DOES**

1  **ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively,
2  aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

3      8.    Plaintiff **RITCHIE PHILLIPS** is the sole proprietor and doing business as **R&D**
4  **COMPUTERS** is located in Eureka, California, and provides Internet access service within the
5  meaning of *15 U.S.C. § 7702(11)*.

6      9.    Plaintiff alleges that Defendants sent or caused to have sent **in excess of 1500**
7  deceptive and unsolicited commercial electronic mail messages from August 27, 2005, through
8  September 30, 2005, to Plaintiff's server, a protected computer.

9      10.   Plaintiff alleges that Defendants transmitted **in excess of 1500** e-mail
10 advertisements containing and accompanied by falsified, misrepresented, or forged header
11 information.

12     11.   Plaintiff alleges that Defendants transmitted **in excess of 1500** e-mail
13 advertisements with a subject line that a person would know would be likely to mislead a
14 recipient, acting reasonably under the circumstances, about a material fact regarding the
15 contents and subject matter of the message.

16     12.   Plaintiff alleges that Defendants transmitted, to a protected computer, **in excess**
17 **of 1500** commercial electronic mail messages, a transactional and relationship message, that
18 contains, or was accompanied by, header information that is materially false or materially
19 misleading.

20     13.   Plaintiff alleges that Defendants initiated the transmission to a protected
21 computer **in excess of 1500** commercial electronic mail messages that did not contain a
22 functioning return electronic mail address or other Internet-based mechanism, clearly and
23 conspicuously displayed, that the recipient could use to submit, in a manner specified in the
24 message, or a reply electronic mail message or other form of Internet-based communication
25 requesting not to receive future commercial electronic mail messages from that sender at the
26 electronic mail address where the message was received.

27     14.   Plaintiff alleges that Defendants initiated the transmission of **in excess of 1500**
28 commercial electronic mail message to a protected computer without a  clear and conspicuous

identification that the message was an advertisement or solicitation; clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender; and a valid physical postal address of the sender.

15. Plaintiff alleges that Defendants used a harvest and directory attack or used an automated creation of multiple email accounts to send **in excess of 1500** commercial electronic mail message to a protected computer.

## FIRST CAUSE OF ACTION

(**Violation of CAN-SPAM Act of 2003 – 15** *U.S.C.* **§7704(a)(1), (2),**

**(3), and (5) and 15** *U.S.C.* **§7704(b)(1) and (2))**

16. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

17. On August 15, 2005, through October 15, 2005, Plaintiff received **in excess of 1500** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

18. Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on August 15, 2005, through October 15, 2005, contained or were accompanied by header information that was materially false or materially misleading.  Each of these **in excess of 1500** initial messages indicated that they were from "No Charge", "You Pay Nothing", "Market Survey Group" or various other unknown identities.  These false email names resolved into emails sent by various persons or persons unknown.  A random check of these email senders indicated that the source changed on a daily basis to a different and new unknown source.  Therefore, the electronic mail violated **15** *U.S.C.* **§7704(a)(1)(A)**.

19. Plaintiff further alleges that the Defendants sent at least **1500** separate items of electronic mail to plaintiff's computer that include various domain names, such as **MARKETSURVEYGROUP.COM, EASYEZSTREET.COM, MINGLYCOMP.INFO,** and **EVERYFREEGIFT.COM,** which were registered to California Corporation "**YFDIRECT, INC.**." Said conduct was in violation of **15** *U.S.C.* **§7704(a)(1)(A)**.

20. Plaintiff alleges that **YFDIRECT, INC.** is a wholly owned subsidiary of **NETBLUE,**

1  **INC.** and **NETBLUE, INC.** is the successor corporation to **YFDIRECT, INC.**

2  21. Plaintiff further alleges that it received three (3) separate items of electronic mail from the defendants to an email addresses that had not existed for the prior year and had not requested or agreed to accept any solicitations.

22. Plaintiff further alleges that the Defendants sent at least **1500** separate items of electronic mail to Plaintiff's computer that were acquired as the result of a directory harvest. Said conduct was in violation of **15 *U.S.C.* §7704(b)(1)**.

23. Plaintiff further alleges that the defendants sent at least **1500** separate items of electronic mail to the plaintiff the from address was acquired by the use of automated tools or scripts. Said conduct was in violation of **15 *U.S.C.* §7704(b)(2)**.

24. As a proximate result of said unlawful conduct by said defendants, plaintiff is entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 per email in the case of each violation of subsections **15 *U.S.C.* §7704(a)(2), (3)**, and **(5)** in the form of statutory damages as set forth in **15 *U.S.C.* §7706(g)(1)(B)(ii) and (3)(A)(i)** and **(ii)**.

25. As a proximate result of said unlawful conduct by said defendants, plaintiff is entitled to treble all statutory damages as a result of violation of any section of **15 *U.S.C.* §7704(b)** as set forth in **15 *U.S.C.* §7706(g)(1)(C)**.

26. Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the ***CAN-SPAM Act of 2003*** as it and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The seeking of injunctive relief by the plaintiff is specifically authorized by **15 *U.S.C.* §7706(g)(1)(A)**.

27. Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to **15 *U.S.C.* §7706(g)(4)**.

///

///

///

## SECOND CAUSE OF ACTION

**(Violation of *California Business and Professions Code* §17529.5**

**Unlawful activities relating to commercial email advertisements.)**

28. Plaintiff hereby incorporates by reference paragraphs 1 through 13, inclusive, as if the same were fully set forth herein.

29. Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on August 15, 2005, through October 15, 2005, contained or were accompanied by header information that was materially false or materially misleading. Each of these **in excess of 1500** initial messages indicated that they were from "No Charge", "You Pay Nothing", "Market Survey Group" or various other unknown identities. These false email names resolved into emails sent by various persons or persons unknown. A random check of these email senders indicated that the source changed on a daily basis to a different and new unknown source. Therefore, the electronic mail violated *California Business and Professions Code* **§ 17529.5(a)(2)**.

30. Plaintiff further alleges that the Defendants sent at least **1500** separate items of electronic mail plaintiff's computer that include various subject lines that were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of *California Business and Professions Code* **§ 17529.5(a)(3)**.

31. As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to liquidated damages in the amount of $1000.00 for each unsolicited commercial email transmitted in violation of *California Business and Professions Code* **§ 17529.5(a)** as set forth in *California Business and Professions Code §* **17529.5(b)(1)(B)(ii)**.

32. Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to *California Business and Professions Code* **§17529.5(b)(1)(C)**.

**WHEREFORE**, plaintiff prays judgment against the defendants and each of them as follows:

1. For statutory damages of up to $100.00 for each violation of **15** *U.S.C.*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    7

1  §7704(a)(1) and up to $25.00 in the case of violations of § 7704(a)(2), (3) and (5) in the sum of $1,000,000;

2. For aggravated damages under 15 *U.S.C.* §7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants violations of 15 *U.S.C.* §7704(b);

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4. For liquidated damages of $1000.00 for each violation of **California Business and Professions Code** § 17529.5(a) in the sum of $1,000,000;

4. For an award of reasonable attorneys' fees and costs according to proof;

5. For costs of suit; and

6. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:   October 27, 2005   _____
Jason K. Singleton
Attorney for Plaintiff, **Ritchie Phillips, dba R&D Computers**

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:   October 27, 2005   _____
Jason K. Singleton
Attorney for Plaintiff, **Ritchie Phillips, dba R&D Computers**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   8