STUART C. CLARK (#124152)
ILENE H. GOLDBERG (#168051)
CARR & FERRELL LLP
2200 Geng Road
PALO ALTO CA 94303
Telephone: (650) 812-3400
Fax: (650) 812-3444

Attorneys for Netblue, Inc. (formerly known
as YFDirect), Inc., Kenneth Chan, Scott Renwick,
Derek Pilch, and Frederick Harman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS,<br><br>Plaintiff,<br><br>v.<br><br>NETBLUE, INC., YFDIRECT, LTD., KENNETH CHAN aka KENNETH CHEN, SCOTT RENWICK, DEREK PILCH, FREDERICK HARMAN, and DOES 1 through 50 inclusive,<br><br>Defendants. | NO. C05 4401 SC<br><br>ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendants Netblue, Inc. (formerly known as YFDirect, Inc.), Kenneth Chan, Scott Renwick, Derek Pilch, and Frederick Harman ("defendants") hereby answer the complaint of Ritchie Phillips dba R&D Computing ("plaintiff"), filed on October 20, 2005 (the "Complaint"), as follows:

JURISDICTION AND VENUE

1. Defendants admit that this Court has jurisdiction under 28 U.S.C. §§

ANSWER TO COMPLAINT 1.

1331 and 1367. Except as thus admitted and alleged, defendants deny each and every allegation of paragraph 1 of the Complaint.

2. Defendants admit that venue is proper in this court, in that at least one defendant resides in the district. Except as thus admitted and alleged, defendants deny each and every allegation of paragraph 2 of the Complaint.

## FACTUAL ALLEGATIONS

3. Defendants admit and allege that Netblue, Inc. is a California corporation which carries on business in Mountain View as a direct marketer on the Internet, and that it previously was named YF Direct, Inc. Except as thus admitted and alleged, defendants deny each and every allegation of paragraph 3 of the Complaint.

4. Defendants deny that purported defendants Marketsurveygroup.com, Easyezstreet.com, Minglycomp.info and Everyfreegift.com are persons or entities with capacity to be sued, and allege that such names are email addresses that have at some time been used by YFDirect, Inc. Except as thus admitted and alleged, defendants deny each and every allegation of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint:

(a) Defendants admit and allege that Derek Pilch and Frederick Harman are officers and/or members of the Board of Directors of Netblue, Inc.;

(b) Defendants admit and allege that Kenneth Chan and Scott Renwick are former employees of Netblue, Inc. who are currently neither officers nor employees of that company.

Except as thus admitted and alleged, defendants deny each and every

ANSWER TO COMPLAINT 2.

allegation of paragraph 5 of the Complaint

6. Answering paragraph 6 of the Complaint;

(a) Defendants deny that they engaged in any joint venture or common enterprise of any kind to violate any law;

(b) Defendants repeat the allegations of paragraph 4, above.

Except as thus alleged and specifically denied, defendants generally deny each and every allegation of paragraph 6 of the Complaint.

7. Defendants deny each and every allegation of paragraph 7 of the Complaint.

8. Defendants lack information and belief sufficient to admit or deny the allegations of paragraph 8 of the Complaint, and accordingly deny each and every such allegation.

9. Defendants deny each and every allegation of paragraph 9 of the Complaint.

10. Defendants deny each and every allegation of paragraph 10 of the Complaint.

11. Defendants deny each and every allegation of paragraph 11 of the Complaint.

12. Defendants deny each and every allegation of paragraph 12 of the Complaint.

13. Defendants deny each and every allegation of paragraph 13 of the Complaint.

14. Defendants deny each and every allegation of paragraph 14 of the

Complaint.

15. Defendants deny each and every allegation of paragraph 15 of the Complaint.

## FIRST CAUSE OF ACTION

16. Defendants repeat their responses to paragraphs 1 through 15, inclusive, as though fully set forth herein by this reference, in response to the allegations of paragraph 16 of the Complaint.

17. Defendants deny each and every allegation of paragraph 17 of the Complaint.

18. Defendants deny each and every allegation of paragraph 18 of the Complaint.

19. Defendants deny each and every allegation of paragraph 19 of the Complaint.

20. Defendants admit that YFDirect is of the name by which Netblue, Inc. was formerly known. Except as thus admitted, defendants deny each and every allegation of paragraph 20 of the Complaint.

21. Defendants deny each and every allegation of paragraph 21 of the Complaint.

22. Defendants deny each and every allegation of paragraph 22 of the Complaint.

23. Defendants deny each and every allegation of paragraph 23 of the Complaint.

24. Defendants deny each and every allegation of paragraph 24 of the

ANSWER TO COMPLAINT 4.

Complaint.

25. Defendants deny each and every allegation of paragraph 25 of the Complaint.

26 Defendants admit that 15 U.S.C. § 7706(g)(1)(A) authorizes injunctive relief in circumstances not present or alleged here, and accordingly deny that plaintiff is entitled to a permanent injunction or any other relief. Except as thus admitted and specifically denied, defendants generally deny each and every other allegation of paragraph 26 of the Complaint.

27. Defendants deny that plaintiff is entitled to attorney fees, and further deny each and every other allegation of paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28. Defendants repeat their responses to paragraphs 1 through 13, inclusive, as though fully set forth herein by this reference, in response to the allegations of paragraph 28 of the Complaint.

29. Defendants deny that any of them sent emails as alleged in paragraph 29 of the Complaint, and further generally deny each and every other allegation of that paragraph.

30. Defendants deny that any of them sent emails as alleged in paragraph 30 of the Complaint, and further generally deny each and every other allegation of that paragraph.

31. Defendants deny each and every allegation of paragraph 31 of the Complaint.

32. Defendants deny that plaintiff is entitled to attorney fees, and further

generally deny each and every other allegation of paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

33. In addition to the specific responses set forth above, defendants assert the following affirmative defenses on information and belief. Following investigation and discovery, defendants may add or withdraw affirmative defenses, as may be appropriate.

First Affirmative Defense

34. Plaintiff lacks standing to prosecute this action, in that he is not among the class of persons permitted by 15 U.S.C. § 7706 to seek enforcement of the CAN SPAM Act, nor is plaintiff among the class of persons permitted by Business and Professions Code section 17529.5(b) or 17529.8 to bring an action under that statute.

Second Affirmative Defense

35. Business and Professions Code section 17529 et seq. is invalid as being preempted by the CAN SPAM Act under the Supremacy Clause (Article VI) of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for judgment as follows:

1. That judgment be entered in their favor on both counts of the Complaint, and that plaintiff take nothing;

2. That plaintiff be ordered to pay defendants' costs, including reasonable attorney's fees;

3. For further or alternative relief.

DATE: November 28, 2005              CARR & FERRELL LLP

                                     By: _____
                                         Stuart C. Clark
                                     Attorneys for Netblue, Inc. (formerly
                                     known as YFDirect, Inc.), Kenneth
                                     Chan, Scott Renwick, Derek Pilch, and
                                     Frederick Harman

## X. DEMAND FOR JURY TRIAL

Pets International hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

DATE: November 28, 2005

CARR & FERRELL LLP

By: _____
Stuart C. Clark
Attorneys for Netblue, Inc. (formerly known as YFDirect, Inc.), Kenneth Chan, Scott Renwick, Derek Pilch, and Frederick Harman

## PROOF OF SERVICE

I, CHRISTINE BLAUFUS, declare as follows:

I am over 18 years of age and not a party to this action. I am employed by the firm of Carr & Ferrell LLP, of 2200 Geng Road, Palo Alto CA 94303. I am familiar with the business practices of this office for the collection and processing of correspondence for mailing with the United States Postal Service.

On November 28, 2005, I served the following:

ANSWER TO COMPLAINT

on the party below, by placing a true copy thereof in a sealed envelope, addressed as follows, for collection and mailing pursuant to the ordinary business practice of this office, which is that correspondence for mailing is deposited with the United States Postal Service on the same day and in the ordinary course of business:

> Steven M. Gluck, Esq.
> Attorney at Law
> 1313 Post Ave
> Torrance, CA 90501

Said envelope was thereafter mailed by first class mail, postage prepaid. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Palo Alto, California, this November 28, 2005.

_____
CHRISTINE BLAUFUS