United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RITCHIE PHILLIPS,

        Plaintiff,

  v.

NETBLUE, INC et al,

        Defendants.

                                     /

No. C-05-04401 SC (EDL)

**ORDER ON PLAINTIFF'S MOTION TO COMPEL, DEFENDANT'S MOTION TO COMPEL, MOTION FOR A PROTECTIVE ORDER, AND MOTION FOR SANCTIONS**

     On August 1, 2006, Plaintiff Ritchie Phillips' Motion for Order Compelling Defendant to Answer Interrogatories and to Produce Documents Requested, and Defendant Netblue, Inc.'s Motion to Compel Discovery Responses, for a Protective Order, and for Sanctions came on for hearing. Based on the briefs submitted and the argument of counsel, the Court grants in part and denies in part each motion.

**I.    Plaintiff's Motion to Compel**

     1. <u>Evidentiary objections.</u>

     The Court overrules Defendants' objections. This is a discovery motion, not a motion for summary judgment with strict evidentiary requirements.

     2. <u>Interrogatories.</u>

     The Court overrules Defendant's objections to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12. However, Defendant need only provide the information requested for August 27, 2005 to the present (the "Relevant Period"). Ongoing emails that may constitute SPAM sent after the period directly at issue in the Complaint may lead to relevant evidence of pattern and practice under 15 U.S.C. section 7706(g)(1),(2). Defendant need only produce the information in its custody,

control or possession. However, to the extent it has control over information held by Affiliates (as that term is defined in Plaintiff's discovery requests), it must produce that information. To the extent that Defendant contends that it already has produced all responsive information or has no responsive information to produce, Defendant shall provide a declaration from a person most knowledgeable describing the diligent steps that Defendant took to ascertain its full compliance with the request or to determine that no responsive information existed.

2. Requests for Production of Documents.

The Court overrules Defendant's objections to Requests Nos. 1, 2, 3, 4, 5, and 6, and orders production as follows:

As to Requests Nos. 1-6, Defendant must produce documents created, received, transmitted, or in effect during the Relevant Period;

Further, as to Requests Nos. 1 and 2, Defendant must produce documents showing any agreements with Affiliates who send commercial electronic mail messages regarding Defendant, or send commercial electronic mail messages on behalf of Defendant, either directly or indirectly, and documents sufficient to show the opt-in lists used by Defendant or its Affiliates;

Finally, as to Requests Nos. 5 and 6, Defendant must produce all non-privileged documents that are not equally available to Plaintiff (e.g., it need not produce treatises, of course).

## II.   Defendant's Motion to Compel

1. Interrogatories.

The Court overrules Plaintiff's objections to Interrogatories Nos. 6, 7, 14, and 15, but narrows the Interrogatories as follows:

As to Interrogatories Nos. 6 and 7, Plaintiff must select ten representative emails and explain specifically how each email violates the CAN-SPAM Act and California Business & Professions Code section 17529.5.

As to Interrogatories Nos. 14 and 15, Plaintiff must respond based on his understanding of the term "adversely affected," which he must set forth.

The Court sustains Plaintiff's objection to Interrogatory No. 13.

//

2. <u>Requests for Production of Documents.</u>

The Court overrules Plaintiff's objections to Requests for Production Nos. 19–25. Plaintiff, of course, need not produce any documents that are privileged or protected as attorney work product. However, documents created prior to litigation do not become privileged merely by virtue of providing them to an attorney, nor are discussions between Plaintiff and his vendors or clients necessarily privileged. Further, discussions or documents pertaining to commercial electronic mail messages that may be SPAM generally are responsive to these Requests even if the discussion or documents do not relate to one of the specific emails at issue in this lawsuit.

To the extent that Plaintiff has no responsive documents to produce, he must submit a declaration describing the diligent efforts he took to locate responsive documents and certifying that all responsive documents have been produced, or that no responsive documents exist.

## III.   Defendant's Motion for a Protective Order

Many of the lines of questioning Plaintiff included in his notices of deposition are overbroad. Generally, Plaintiff may seek deposition testimony and documents relating to the use or creation of commercial electronic mail messages during the Relevant Period, including evidence relating to pattern and practice. <u>See</u> 15 U.S.C. § 7702(2) (defining "commercial electronic mail message" as "any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service. . ."). Accordingly, Plaintiff may ask questions and obtain documents regarding Netblue's operations, reports, strategic and marketing plans but only during the Relevant Period and only insofar as they pertain to commercial electronic mail messages. Plaintiff also may obtain the identity and locations, if known, of technicians involved in marketing programs during the Relevant Period but only of technicians involved in implementing marketing programs that used commercial electronic mail messages. Plaintiff may obtain unprivileged deposition testimony and documents relating to Affiliates of Netblue for the Relevant Period. Plaintiff may inquire as to Mr. Harman's due diligence prior to his firm's investment in NetBlue and his risk-assessment, but only regarding Netblue's direct or indirect use of commercial electronic mail  messages.

//

3

**IV.     Privilege Log**

The parties need not produce a privilege log for documents created after the filing of this lawsuit. For documents created before the filing of the lawsuit and withheld on grounds of attorney-client privilege or attorney work product protection, the parties shall provide a privilege log that complies with the Court's Standing Order, which was served on the parties on June 13, 2006. See Docket No. 20.

**V.      Defendant's Request for Sanctions**

The Court denies Defendant's Request for Sanctions.

**IT IS SO ORDERED.**

Dated: August 3, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge