STUART C. CLARK (SBN 124152)
CHRISTINE S. WATSON (SBN 218006)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444
Email: clark@carrferrell.com
Email: cwatson@carrferrell.com

Attorneys for Defendants Netblue, Inc.,
Kenneth Chan, Scott Renwick, Derek Pilch,
and Fredric Harman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS,<br><br>Plaintiff,<br><br>v.<br><br>NETBLUE, INC., YFDIRECT, LTD., KENNETH CHEN aka KENNETH CHEN, SCOTT REWICK, DEREK PILCH, FREDERICK HARMAN, and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO. 3:05-cv-04401-SC (EDL)<br><br>NETBLUE, INC.'S ADMINISTRATIVE MOTION TO SEAL CERTAIN DOCUMENTS FILED IN SUPPORT OF NETBLUE'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:     TBD<br>Time:    10:00 a.m.<br>Court:    Courtroom 1, 17th Floor<br>Judge:   Hon. Samuel Conti |

PLEASE TAKE NOTICE THAT Defendants Netblue, Inc., Kenneth Chan, Scott Rewick, Derek Pilch, and Fredric Harman (hereinafter collectively referred to as "Netblue") hereby move for an order permitting the filing under seal of certain documents submitted in support of its motion for summary judgment pursuant to Local Rule 79-5.

### I.   PROCEDURAL HISTORY

On April 17, 2006, this Court issued a protective order ("order"), the terms of which were stipulated to by Netblue and the plaintiff in this matter. <u>Declaration of Christine S. Watson</u> ("Watson Decl."), ¶ 3; Protective Order, attached as Exhibit A to Watson Decl.

The order defines "Protected Material" as "any Disclosure or Discovery Material that is designated as 'Confidential' or as 'Highly Confidential—Attorneys' Eyes Only'" and prohibits the

1 disclosure of "Protected Material" except in certain enumerated circumstances.  Order at 2:23-24.
2 The order states, however, that it does not create any entitlement in any party to file confidential
3 information under seal, and it specifically contemplates that any party desiring to file confidential
4 information under seal will be required to seek permission from the court pursuant to Civil Local
5 Rule 79-5 to file such information.  Protective Order at 1:28-2:1-3.  Section 10 of the order is
6 controlling.  The section reads, "Without written permission from the Designating Party or a court
7 order secured after appropriate notice to all interested persons, a Party may not file in the public
8 record in this action any Protected Material.  A Party that seeks to file under seal any Protected
9 Material must comply with Civil Local Rule 79-5.  Order at 11:13-16.

10                              II.    ARGUMENT

11        Civil L. R. paragraphs 79-5(b) and (d) provide that a party may request by motion, in
12 conformance with Civil L. R. 7-11, an order authorizing the sealing of part or all of a document
13 which is to be filed with the Court.  The rule provides the court may issue a sealing order where
14 the information to be sealed is "privileged or protectable as a trade secret or otherwise entitled to
15 protection under the law."  The rule further provides that "[t]he request must be narrowly tailored
16 to seek sealing only of sealable material…."  Civil L.R. 79-5(a).

17        Netblue moves to file under seal all exhibits to Netblue's Motion for Summary Judgment.
18 In particular, Netblue moves to file under seal the relevant pages of Plaintiff's deposition, attached
19 as Exhibit A to the instant motion and to Netblue's Motion for Summary Judgment (hereinafter
20 "both motions"); Plaintiff's Responses to Defendants' Interrogatories, Set Two, attached as
21 Exhibit B to both motions; Exhibit 5 to the deposition of Plaintiff Ritchie Phillips, attached as
22 Exhibit D to both motions; and Plaintiff's Responses to Defendants' Interrogatories, Set One,
23 attached as Exhibit E to both motions.

24        Netblue files this motion in compliance with the protective order in this case and as a good
25 faith effort to maintain the confidentiality of certain documents designated by Plaintiff as "Highly
26 Confidential—Attorneys' Eyes Only."  In addition, Exhibit 5 to Plaintiff's deposition was
27 designated as "Highly Confidential—Attorneys' Eyes Only", pursuant to Plaintiff's specific
28 request at the deposition.  Out of an abundance of caution with respect to Plaintiff's designation of

1  documents as "Highly Confidential – Attorneys' Eyes Only" and its objections during the
2  deposition of Plaintiff Ritchie Phillips, Netblue is seeking to file the above-mentioned discovery
3  responses received from Plaintiff under seal.

## IV.   CONCLUSION

Based on the foregoing, Netblue respectfully requests that the Court issue an order, pursuant to Civil Local Rule 79-5(b), permitting Netblue to file Exhibit 5 to the Watson Declaration in support of Netblue's Motion for Summary Judgment and the instant motion and supporting declarations under seal.

Dated:  September 8, 2006                    CARR & FERRELL LLP

                                   By:   *-- CHRISTINE S. WATSON --*
                                         STUART C. CLARK
                                         CHRISTINE S. WATSON
                                         Attorneys for Defendants Netblue, Inc.,
                                         Kenneth Chan, Scott Renwick, Derek Pilch,
                                         and Fredric Harman