IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>NETBLUE, INC ET AL,<br><br>    Defendant.<br>_____ / | No. C 05-04401 SC (EDL)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY; GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL; AND DENYING MOTION FOR SANCTIONS** |

On October 24, 2006, Plaintiff Ritchie Phillips' Motion to Compel various discovery responses and for Evidentiary and Monetary Sanctions, and Defendant Netblue, Inc.'s Motion to Compel Production of Documents came on shortened time for hearing. Having considered the written submissions and arguments of counsel for Netblue, Inc., Kenneth Chan, Scott Rewick, and Derek Pilch ("Defendants") and counsel for Ritchie Phillips, dba R&D Computers ("Plaintiff"), and good cause having been shown, the Court grants in part and denies in part each motion.

**I.      Plaintiff's Motion to Compel**

   A. <u>Deposition of Monica Gerber</u>.

   The Court orders that Plaintiff may reopen the deposition of Monica Gerber for up to one additional hour.

B. <u>Deposition of Peter Adams</u>.

The Court does not need to rule with respect to the issue of the deposition of Peter Adams because Plaintiff withdrew this issue from his motion at the hearing.

C. <u>Production of Documents</u>.

Defendants are ordered to supplement, if necessary, their production of documents in response to the document request set forth in Plaintiff's deposition notice of Defendants' officer most knowledgeable to include responsive documents identified in Eric Denton's deposition transcript at or about pages 63 through 67 regarding complaints from individuals about receiving unsolicited commercial e-mail from Netblue's affiliates during the time period from the inception of Netblue, Inc. until the date of the last e-mail set forth in the Complaint.

The parties are ordered to meet and confer regarding Defendants' production of the e-mails received by or sent from Monica Gerber's Netblue, Inc. company e-mail address regarding complaints from individuals about receiving unsolicited commercial e-mail from Netblue's affiliates. Plaintiff's request for all e-mails between Monica Gerber and Netblue's affiliates is overbroad and the parties must meet and confer about some reasonable way to search Ms. Gerber's e-mail inbox for the relevant information regarding unsolicited commercial e-mail complaints.

D. <u>Discovery Pursuant to the Court's August 3, 2006 Order</u>.

    i.    Evidentiary and Monetary Sanctions

The Court denies Plaintiff's request for monetary and evidentiary sanctions.

    ii.    Affiliate Contact Data

The Court orders Defendants to produce Frontline Direct's telephone number and any missing contact information for the affiliates identified and produced by Defendants.

    iii.    Affiliate Contracts

Defendants are ordered to produce the reports from DirectTrack, the third party software used by Defendants, referred to in the deposition testimony of Monica Gerber at or about page 94, in whatever form of report DirectTrack provides to show information about

affiliate contracts.

                        iv.     Box 4

The Court does not need to rule with respect to the issue of production of "Box 4" because Plaintiff withdrew this issue from his motion at the hearing.

                        v.     Defendants' "Opt-In" List

The parties are ordered to meet and confer regarding Plaintiff's request for Defendants' "opt-in" list. Specifically, the parties are to meet and confer regarding the appointment of an independent third party to locate any opt-in data for the intended recipients of the e-mails at issue. Netblue shall pay the reasonable costs incurred by the appointed third party to locate the opt-in data described in this section.

## II.    Defendants' Motion to Compel

    A.   <u>Production of Documents</u>.

The Court denies Defendants' motion to compel production of documents responsive to Request for Production Nos. 33, 34, 35, 37, and 38.

As to Request Nos. 33 and 34, the Requests are overbroad. Plaintiff has provided documents sufficient to address Defendants' standing challenges, including information regarding whether Plaintiff is a bona fide internet service provider, and whether Plaintiff suffered "adverse effect" as a result of Defendants' alleged actions.

As to Request Nos. 35, 37, and 38 the Requests are overbroad. However, Plaintiff is ordered to provide Defendants with a list of the e-mail addresses used by Plaintiff personally.

As to Request No. 36, Plaintiff is ordered to produce additional responsive documents; otherwise, Plaintiff must submit a declaration stating that Plaintiff does not possess any additional responsive documents other than what he has already produced to date.

    B.   <u>Supplemental Production of Documents</u>.

The parties are ordered to meet and confer to identify a format for the production of header information, as defined by the CAN-SPAM Act, 15 U.S.C. §7706, <u>et seq.</u> Plaintiff is ordered to produce the header information for the e-mails at issue. Plaintiff may designate the

3

information "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order entered in this matter.

      C. <u>Designation of Highly Confidential Documents</u>.

The Court denies Defendants' motion for an order requiring Plaintiff to replace the "Highly Confidential – Attorney's Eyes Only" designation of the e-mails produced by Plaintiff with a "Confidential" designation due to the nature of the alleged violations of the CAN-SPAM Act set forth in Plaintiff's Complaint.

**IT IS SO ORDERED.**

Dated: November 21, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4