**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS,

        Plaintiff,

v.

NETBLUE, INC ET AL,

        Defendant.

No. C 05-04401 SC (EDL)

**ORDER RE ADMINISTRATIVE MOTIONS TO FILE CERTAIN DOCUMENTS UNDER SEAL AND RE DEFENDANTS' OBJECTIONS TO EXHIBITS**

    Attendant to the parties' cross-motions to compel, both parties have filed administrative motions to file supporting documents under seal. The facts of this case have been adequately addressed in the Order on Cross-Motions to Compel. The Court will not repeat them here. The Court herein addresses the following motions relating to confidential information:

    (1)    Plaintiff Phillips' Administrative Motion to Seal Certain Documents Filed in Support of Plaintiff's Opposition to Defendants['] Motion to Compel (Doc. No. 88), requesting that the Court seal **(A)** the complete deposition transcript of Plaintiff Ritchie Phillips, and **(B)** a list of email accounts belonging to Plaintiff.

    (2)    Defendant Netblue, Inc.'s Administrative Motion to Seal Certain Document Filed in Support of Netblue's Opposition to Plaintiff's Motion to Compel (Doc.

1  No. 95), requesting that the Court seal **(C)** excerpts of the deposition transcript of Monica Gerber, an employee of Netblue.

(3) Plaintiff Phillips' Administrative Motion to Seal Certain Documents Filed in Support of Plaintiff's Reply to Defendants [sic] [Opposition to Plaintiffs'] Motion to Compel (Doc. No. 103), requesting that the Court seal **(C)** excerpts of the Gerber Transcript, specifically pages 63 through 66 of the certified copy of the Gerber Deposition.

(4) Defendant Netblue, Inc.'s Administrative Motion to Seal Certain Documents Filed in Support of Netblue's Opposition to Plaintiff's Motion to Compel (Doc. No. 107), requesting that the Court seal documents submitted as Exhibits A, B, and D to the Supplemental Declaration of Stuart Clark in Opposition to Plaintiff's Motion to Compel. The Motion asks that the Court seal **(C)** more excerpts of the Gerber Transcript, specifically pages 126 to 134 of the certified copy of the Gerber Deposition; that the Court seal **(D)** Defendants' Response to Interrogatory No. 11 (addresses and telephone numbers of affiliates) and Defendants' Supplemental Response to Interrogatory No. 11 (addresses and telephone numbers of affiliates).

The Court herein also addresses the following:

(5) Plaintiff's Motion to Strike all of Defendants' Post Reply Filings (Doc. No. 109).

(6) Defendants' Evidentia[ry] Objections to Purported Evidence Attached to Plaintiff's Motion to Compel (Doc. No. 85).

2

(7) Defendants' Evidentiary Objections to Unsupported Allegations in Reply Brief Supporting Plaintiff's Motion to Compel (Doc. No. 105).

## I. Issues Relating to Confidentiality

### A. Complete Ritchie Phillips Deposition Transcript

The Court denies the request to seal the complete transcript from Phillips' deposition. Pursuant to the Stipulated Protective Order the parties signed in this case, "[a] Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify [for protection]," and "[m]ass, indiscriminate, or routinized designations are prohibited." Stipulated Protective Order at section 5.1. Civil L.R. 79-5 provides that the request to seal documents "must be narrowly tailored to seek sealing only of sealable material... ." Plaintiff has failed to meet this burden.

There may be portions of the deposition transcript that should be sealed. Plaintiff may resubmit a more tailored request to seal only those portions of the Phillips Transcript that contain information that is privileged, a trade secret, or otherwise entitled to protection under the law.

### B. List of Plaintiff's Email Accounts

The Court has reviewed the list of email accounts and the October 4 Grabowski Declaration in support of sealing the list. Plaintiff makes the conclusory statement that "[t]he email accounts are highly confidential and are protected by the Protective Order approved by the Court... ." Oct. 4 Grabowski Decl., ¶3. The purported "highly confidential" or even "confidential" nature of this list of email addresses is not evident on its face. Plaintiff states that the accounts are inactive or have never been active. See List of Email Addresses, lodged with the Court. Accordingly, there is no consumer privacy or commercial value to protect here. Plaintiff has not offered any support to show how "disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means." Stipulated Protective Order at 2.4 (defining "Highly Confidential"). The Court therefore DENIES Plaintiff's request to seal the list of email accounts belonging to Plaintiff.

3

### C. Excerpts of Monica Gerber Deposition Transcript

Defendants seek to file under seal selected pages of the Monica Gerber deposition transcript, which has been designated Confidential in its entirety. Plaintiff has opposed the sealing of the Gerber deposition transcript excerpts on the basis that the transcript contains no trade secrets, privileged information, or otherwise protectable information. See Opposition to Defendants' Administrative Motion to Seal Certain Documents Filed in Support of Netblue's Opposition to Plaintiff's Motion to Compel (Doc. No. 97), at 2-3. Under the local rules, only information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law" may be sealed. See Civ. L.R. 79-5; see also Protective Order at 11:13–16 ("A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5"). In addition, a request to seal "must be narrowly tailored to seek sealing only of sealable material..." Civ. L.R. 79-5. In designating the entire transcript "Confidential," without a declaration establishing the protectable nature, Defendants have failed to meet this burden.

Plaintiff seeks to seal a deposition excerpt on the basis that Defendant has designated the deposition transcript as confidential. See Admin. Motion (Doc. No. 103) (moving to seal pages 63 through 66 of the Gerber Deposition Transcript). Plaintiff does not identify any independent basis why the excerpt, or information extracted from the excerpt should be sealed. Following Plaintiff's filing, Defendants have failed to file a declaration establishing that the designated information is sealable, in compliance with Civ. L.R. 79-5(d). Accordingly, the excerpts may be made part of the public record. See Civ. L.R. 79-5(d). Even if Defendants had filed a declaration containing arguments made elsewhere in its motion to seal filings, Defendants have made no showing that this information "derives independent economic value ... from not being generally known." See Cal. Civ. Code § 3426.1(d)(1) (defining trade secret). Accordingly, Defendants have failed to establish that these deposition excerpts contain protectable information.

/

/

1    Defendants seek to seal two deposition excerpts on the basis that the testimony
2 "identifies and discusses Netblue's third party affiliates/vendors, including descriptions of
3 internal communications pertaining to action taken against affiliates and whether or not the
4 affiliates engaged in misconduct." Admin. Motion to Seal (Doc. No. 107), at 3 and Ex. A
5 (seeking to seal final Gerber Tr. at 56-57; 126-32); see also Admin. Motion to Seal (Doc. No.
6 95) (seeking to seal rough Gerber Tr. at 20, 53, 54, 61, 121, 122, 126, 127). Defendants
7 argue that this information "constitutes trade secret[s] and otherwise confidential business
8 information" that should be sealed. Id. at 3. However, Defendants themselves have failed to
9 protect the information they now seek to seal. Defendants publicly filed some portions of
10 the Gerber deposition transcript which it elsewhere seeks to seal. See Declaration of
11 Christine S. Watson in Support of Defendants' Administrative Motion to File Certain
12 Documents Under Seal ("Watson Decl.") (publicly filed as Doc. No. 96), Ex. B (rough
13 Gerber Tr. pp. 54-57); compare id., Ex. A (rough Gerber Tr. pp. 20, 53, 54, 61, 121, 122,
14 126, 127) (filed under seal). In addition, Plaintiff publicly filed an e-mail attachment
15 summarizing pages 54 and 61, which Defendants did not object to. See Notice of Motion
16 and Motion for Order Shortening Time for Hearing of Motion Compelling Discovery, for
17 Evidentiary Sanctions Etc., and Declaration of Jason K. Singleton (Doc. No. 74), Ex. A
18 (identifying purportedly confidential identity of affiliate and substance of deposition
19 testimony ). And Defendants quote from and summarize purportedly confidential deposition
20 testimony from pages 20, 53, 54, 61, 121, 122, 126, and 127 of the rough Gerber deposition
21 transcript. See Defendants' Opposition to Motion to Compel Production of Documents at n.3
22 (Doc. No. 90) (stating intention to republish confidential information after Plaintiff publicly
23 filed excerpts from the Gerber deposition transcript which had been designated as
24 "Confidential"). Accordingly, the Court finds that Defendants have waived any
25 confidentiality claims over the testimony on these pages of the rough Gerber deposition
26 transcript, and on the corresponding pages of the final Gerber deposition transcript, including
27 pages 56-57 and 126-32. Therefore, the Court DENIES Defendants' Administrative Motions
28 to seal excerpts of the Gerber deposition transcript.

5

### D. Affiliate Identities and Contact Information

Defendants filed an Administrative Motion to seal its Response and Supplemental Response to Interrogatory No. 11, which contains the names, addresses, and phone numbers of several of Netblue's affiliates. See Exs. B and D to the Supplemental Declaration of Stuart Clark in Opposition to Plaintiff's Motion to Compel (Doc. No. 106). The confidentiality of this information is also the subject of a pending Motion. Plaintiff noticed a motion to "strike and deny designation of Defendants' affiliate documents and information as "Confidential" and "Highly Confidential – Attorneys' Eyes Only." See Doc. No. 110.

Defendants have themselves disclosed a portion of the confidential information at issue, however, which partially moots their motion to seal. Compare First Watson Decl., Ex. B (Defendants' Court Ordered Supplemental Response to Plaintiff's First Interrogatories, publicly filed) with Defendants' Supplemental Decl., Ex. B (Defendants' Court Ordered Supplemental Response to Plaintiff's First Interrogatories, filed conditionally under seal). Therefore, the Court DENIES Defendants' request to seal Exhibit B to Defendants' Supplemental Declaration, because the responses and supplemental responses to Interrogatory No. 11 already have been disclosed. The Court conditionally GRANTS Defendants' request to seal Exhibit D to Defendants' Supplemental Declaration (Defendants' Second Supplemental Response to Plaintiff's First Interrogatories), which contains a list of Defendant's email affiliates, their addresses, and phone numbers. If the parties stipulate or the Court rules that this information should not be designated confidential in connection with Plaintiff's pending Motion (Doc. No. 110), Defendants shall publicly file Exhibit D within 10 days of the Court's Order or Stipulated Order.

## II. Motion to Strike Post Reply Filings

The Court grants Plaintiff's Motion to Strike All of Defendants' Post Reply Filings. Under Civ. L.R. 7-3(d), supplemental materials addressing the subject of a motion may not be filed after a Reply without prior Court approval, subject to certain exceptions. See Civ. L.R. 7-3(d).

### III. Evidentiary Objections

The Court overrules Defendants' objections. This is a discovery motion, not a motion for summary judgment with strict evidentiary requirements. See Order on Plaintiff's Motion to Compel, Defendants' Motion to Compel, Motion for a Protective Order, and Motion for Sanctions (Doc. No. 40), at 1.

**IT IS SO ORDERED**.

Date:    December 8, 2006

*Elijah D. Laporte*

HON. ELIZABETH D. LAPORTE

United States Magistrate Judge