United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETBLUE, INC., formerly known as YFDIRECT, INC., et al.,<br><br>　　　　　Defendants. | No. C-05-4401 SC<br><br>ORDER DENYING ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL |

　　　Pending before the Court is a Motion by Defendants Netblue, Inc., formerly known as YFDirect, Inc., et al. ("Defendants") to Dismiss Complaint for Plaintiff's Failure to Preserve Evidence. See Docket No. 143. In conjunction with its Opposition to this Motion, Plaintiff Ritchie Phillips, dba R&D Computers ("Plaintiff") has filed an Administrative Motion to File Certain Documents Under Seal. See Docket No. 154, Motion to File Under Seal. The documents are:

　　　Exhibit I:　　(page 144 only) Deposition transcript of Derek Pilch;

　　　Exhibit O:　　emails between Netblue's Abuse and ISP Manager, Netblue's ISP vendors, and representatives of SPAMHAUS provided to Plaintiff's [sic] by Defendants: NET

|   |   |   |
|---|---|---|
| 1 | | 5527-5529; 5566-5568[;] |
| 2 | Exhibit Q: | page 30 of the Deposition transcript of Kenneth Chan; and |
| 3 | | |
| 4 | Exhibit R: | page 11 and 12 of the Deposition transcript of Scott Rewick. |

<u>Id.</u> at 2.  Plaintiff's declaration submitted with its Motion states without argument that the above listed exhibits "have been designated confidential by Defendants and are protected by the Protective Order approved by the Court."  Declaration of Richard E. Grabowski ("Grabowski Decl.") at 1.  Defendants have submitted nothing to the Court regarding the documents.

Civil Local Rule 79-5 states:  "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise protectable under the law."  Thus, the parties bear the burden of explaining to the Court why something should be sealed.  Furthermore, as the Commentary to Rule 79-5 makes clear, there is a strong presumption against sealing documents from public view.  <u>See</u> Commentary to Local Rule 79-5 ("As a public forum, the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk.").

The parties have not met the necessary burden to overcome this presumption as to any of the submitted documents.  Exhibit I deals with business practices at a level of generality that is far too broad for its substance to be considered a trade secret, especially given the lack of any argument on the issue by the parties. <u>See</u> Grobowski Decl., Ex. I.  Exhibit O consists almost entirely of emails between Netblue and a third party which is, for

**United States District Court**
For the Northern District of California

the most part, hostile to Netblue.  <u>See</u> <u>id.</u>, Ex. O.  It therefore cannot be maintained that Exhibit O contains information that is secret or confidential.  Exhibit Q deals with the identity of investors in a company called WebJuice.  <u>See</u> <u>id.</u>, Ex. Q.  The Court is mystified as to the basis for any claim of confidentiality regarding this information.  Exhibit R deals with Netblue's general business practices and the identity of WebJuice's Owners.  <u>See</u> <u>id.</u>, Ex. R.  None of this information constitutes a business secret or protectable confidential information under the law.

    Plaintiff's Motion for Leave to File Certain Documents Under Seal is therefore DENIED.

    IT IS SO ORDERED.

    Dated: January 12, 2007

_____
UNITED STATES DISTRICT JUDGE

3