IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS,

          Plaintiff,

  v.

NETBLUE, INC. ET AL,

          Defendant.

No. C-05-04401 SC (EDL)

**ORDER DENYING MOTION TO STRIKE CONFIDENTIALITY DESIGNATIONS**

      Before the Court is Plaintiff's October 20, 2006 motion to strike the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation of certain documents and information Defendant designated confidential under the terms of the Stipulated Protective Order entered in this matter. Although the motion was fully briefed in November, the hearing on the motion has been continued multiple times in order to allow the parties more time to resolve the issue on their own, as ordered by Judge Conti.

      This dispute should not still be before the Court. During a November 17, 2006 Status Conference, Judge Conti ordered the parties to work out all pending discovery issues or risk sanctions. See Doc. No. 137, November 17, 2006 Status Conference Minute Entry ("Within 2 weeks the attorneys are Ordered to meet in person and resolve all of their discovery disputes without the aid of Magistrate Judge Laporte. If the attorneys fail to resolve their disputes the Court will impose monetary sanctions as well as include an adverse instruction to be read to the Jury."). This dispute, however, was not resolved and the motion remains pending, despite the allowance of additional time. The Court therefore has considered the papers filed in support of and in opposition to this motion, and finds that this matter is appropriate for a decision without oral

argument, see Civil L.R. 7-1(b). Accordingly, the Court hereby vacates the January 23, 2007 hearing on the matter, and rules as follows:

Plaintiff requested that the Court strike the confidential designations of: (1) Defendant's list of email affiliates, produced on Aug. 28, 2006; (2) Defendant's list of email affiliates and addresses, produced on Oct. 4, 2006; and (3) Defendant's affiliate applications and list manager contracts, produced on Sept. 3, 2006. Defendant argues that the information is confidential commercial information and should remain protected.

The parties' stipulated protective order allows a party to designate as confidential any documents or information "that qualify for protection under standards developed under F.R.Civ. P. 26(c)." Stipulated Protective Order (Doc. No. 12) at § 2.3. Rule 26(c) provides that a protective order may be entered to limit disclosure or specify the manner in which a party reveals "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(7). A "trade secret" under California law is information which: "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d). Although the question as to the list of affiliates is closer than the question of applications and contracts, at this stage Defendant has made a sufficient showing that the information derives independent economic value or that competitors could obtain economic value from its disclosure or use, and it has made reasonable efforts to maintain the information's secrecy.[1] Plaintiff has not provided evidence to refute Defendant's assertions. Accordingly, Defendant's motion is DENIED.

This Order, however, is not intended to affect any past or future applications to seal

---

[1] On September 26, 2006, Judge Conti denied an administrative motion to seal the list of email affiliates and 19 other exhibits on the basis that Plaintiff had failed to designate only those materials that qualify under the appropriate standard under the parties' protective order. See Sept. 26, 2006 Order Denying Administrative Motion (Doc. No. 72). The confidentiality of the affiliate list was never specifically addressed, and the list was never re-filed in the public domain. In subsequent filings, the parties and the Court continued to treat the affiliate list as confidential. See, e.g., October 30, 2006 Order Granting Administrative Motion (Doc. No. 117) (granting application to seal the documents at issue, lodged as Exhibits A, B, and C to the Grabowski Declaration filed in support of Plaintiff's Motion to Strike). The affiliate list and the other documents are currently filed under seal. Id.

documents filed with the Court, nor to influence any pretrial determinations of the confidentiality or admissibility of the documents or information to be used at trial.

**IT IS SO ORDERED.**

Dated: January 17, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge