UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS<br><br>Plaintiff,<br><br>v.<br><br>NETBLUE, INC., formerly known as YFDIRECT, INC., et al.,<br><br>Defendants. | No. C-05-4401 SC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO PRESERVE EVIDENCE |

**I.     INTRODUCTION**

Plaintiff Ritchie Phillps, dba R&D Computers, ("Plaintiff") brings this suit against Netblue, Inc., formerly known as YFdirect, et al. ("Defendants") alleging violations of the Controlling the Assault of Non-Solicited Pornographic and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. §§ 7701 et seq. and California Business and Professions Code §§ 17529 et seq. See Complaint.  Presently before the Court is Defendants' Motion to Dismiss the Complaint for Plaintiff's Failure to Preserve Evidence. See Motion.

**II.    BACKGROUND**

This Order assumes familiarity with the background of the case, discussed in the Court's December 12, 2006 Order Denying Defendants' Motion for Leave to Amend the Answer. See Docket No. 146.

All or most of the emails which form the basis of this action are not traditional text-based messages.  Rather, they consist, in

1 significant part, of hyperlinks.  See Declaration of Steve Atkins
2 in Support of Defendants' Motion ("Atkins Decl."), at 2;
3 Opposition at 5.  When the recipient opens the email, the
4 recipient's email program reads some of these hyperlinks and
5 displays images which reside on a remote web-server; the images
6 themselves are not contained in the email, rather the email
7 contains instructions which tells the recipient's email program to
8 display the images contained on the server.  See Atkins Decl. at
9 2; Opposition at 5.

10     Other hyperlinks contained in the email, when clicked by the
11 recipient, direct the recipient's web browser to an advertisement.
12 Id. at 3.  However, frequently the recipient's web browser is not
13 directly taken to an advertisement, but is first taken to an
14 intermediary website, namely that of the advertiser's "affiliate"
15 which sent the email.  This site then automatically redirects the
16 recipient's web browser to advertisement located on the
17 advertiser's server.  Id. at 5.

18     Defendants do not claim that Plaintiff destroyed any of the
19 emails containing these hyperlinks.  See Motion.  Rather,
20 Defendants fault Plaintiff, first, for not preserving the images
21 which these hyperlinks should display when the email is open, see
22 Motion at 3, and claim that the hyperlinks contained on these
23 emails can no longer be used to gather these images because
24 "[m]any of the image files no longer exist on the remote web-
25 servers."  Atkins Decl. at 3.  Defendants do not allege that
26 Plaintiff has ever had possession or control of these remote web-
27 servers.  See id.; Motion.

28

2

1    Defendants also fault Plaintiff for not preserving the URLs
2    from the series of websites to which a recipient's web browser
3    would be directed upon clicking an advertisement link in the
4    email.  See Reply at 7.  Defendants state that the advertisement
5    links contained in the emails are no longer active, but make no
6    claim that Plaintiff had any role in their deactivation.  See
7    Motion at 5.

### III. LEGAL STANDARD

10   A district has the authority to impose sanctions based on its
11   inherent power "to manage [its] own affairs so as to achieve the
12   orderly and expeditious disposition of cases."  Chambers v. NASCO,
13   Inc., 501 U.S. 32, 43 (1991)(internal quotations omitted).  This
14   authority extends to the imposition of sanctions for discovery
15   misconduct.  Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg.
16   Corp.,982 F.2d 363, 368 (9th Cir. 1992).

17   Upon finding that a party has spoiled or destroyed evidence,
18   a court may sanction it in one of three ways: by giving an adverse
19   inference instruction to the jury; by excluding certain testimony
20   which is based on the spoiled or destroyed evidence; or, in
21   extreme or "outrageous" cases, dismissing the claim of the
22   responsible party .  In re Napster Copyright Litigation, MDL-00-
23   1369, --- F. Supp. 2d ---, 2006 WL 3050864, *4 (N.D. Cal. Oct. 25,
24   2006) (collecting cases).

25   Fundamentally, a court's decision whether to sanction a party
26   for allegedly spoiling or destroying evidence depends on a finding
27   that the party had a duty to preserve the evidence in question,

1 which it breached. See id. at *3.  Only after answering this
2 question in the affirmative, need the court determine what, if
3 any, sanctions are appropriate.  See id. at *8.

## IV. DISCUSSION

Determining whether a party breached its duty of preservation requires a court to determine:  1) the scope of the accused party's duty of preservation, 2) whether the evidence in question falls within this scope, and 3) whether the actions taken by the accused party violated this duty.  See id. at 5-8 (following these steps).

As noted above, Defendants have not alleged that Plaintiff destroyed or spoiled the actual emails which they received, i.e. the email messages containing a combination of text and hyperlinks.  See Background *supra*.  Rather, Defendants argue that Plaintiff had the obligation to memorialize the emails as they would have appeared if opened in an email program soon after their receipt, i.e. with the images which the email program would have displayed upon automatically accessing the remote web-server where those images resided.  See Motion at 3-4.  Defendants further argue that Plaintiff had the affirmative obligation "to record the series of URLs . . . to get to the final website," to which a recipient would be directed upon clicking the advertisement hyperlink in the email.  Reply at 7.

In other words, Defendants maintain that Plaintiff should have: 1) opened the emails they received; 2) then captured or recorded the images which Plaintiff's email program would have

4

displayed upon opening the email and automatically following the hyperlinks it contained; 3) clicked on any advertisement hyperlink contained in the email; and 4) recorded the URLs of the websites to which Plaintiff's web browser would have been directed upon clicking the advertising link, including the URLs of websites which did not display any information to Plaintiff, but rather just directed Plaintiff's web browser to another website.

The absurdity of this argument is patent. In <u>WM. T. Thompson Co. v. General Nutrition Corp.</u>, the court stated the following rule defining the scope of a party's duty of preservation in a civil matter, which has been accepted by district courts throughout the Ninth Circuit:

> While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

593 F. Supp. 1443, 1445 (C.D. Cal 1984). The fundamental factor is that the document, or other potential objects of evidence, must be in the party's possession, custody, or control for any duty to preserve to attach. See <u>MacSteel, Inc. v. Eramet North America</u>, No. 05-74566, 2006 WL 3334011, *1 (E.D. Mich. Nov. 16, 2006); <u>Towsend v. American Insulated Panel Co.</u>, 174 F.R.D. 1, *5 (D. Mass. 1997) ("[T]he duty [to preserve evidence] does not extend to evidence which is not in the litigant's possession or custody and over which the litigant has no control."). Indeed, to preserve means "to keep safe from injury, harm, or destruction." Webster's

5

1 | Third New International Dictionary (Unabridged), at 1794 (1976).
2 | One cannot keep what one does not have.

3 | Defendants do not complain that Plaintiff failed to keep safe
4 | from harm or destruction what Plaintiff had; they admit that
5 | Plaintiff retained the emails as they were sent to him.  See
6 | Motion and Reply.  Rather, they complain that Plaintiff did not
7 | memorialize other evidence to which the emails could have lead
8 | Plaintiff.  This is not a complaint regarding Plaintiff's alleged
9 | failure to preserve evidence, but rather Plaintiff's alleged
10 | failure to gather evidence.  See id. at 940.  The law imposes no
11 | obligation upon a party to gather evidence other than the
12 | requirement that a party have sufficient evidence to support their
13 | claim.  The question whether either party in this action has met
14 | that requirement is one which will be decided by the jury.

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint for Plaintiff's Failure to Preserve Evidence is DENIED. The issue of any sanctions, which Plaintiff raises in its Opposition, will be resolved following trial.

IT IS SO ORDERED.

Dated: January 22, 2007

_____
UNITED STATES DISTRICT JUDGE