UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS)<br><br>Plaintiff,<br><br>v.<br><br>NETBLUE, INC., formerly known as<br>YFDIRECT, INC., et al.,<br><br>Defendants. | No. C-05-4401 SC<br><br>ORDER RE<br>ADMINISTRATIVE<br>MOTIONS TO FILE<br>CERTAIN DOCUMENTS<br>UNDER SEAL |

The parties have submitted three Administrative Motions to File Certain Documents Under Seal ("Motions to Seal"): Plaintiff's Motion to Seal filed on December 22, 2006 ("Motion No. 1"), Docket No. 154; Defendants' Motion to Seal filed on December 29, 2006 ("Motion No. 2"), Docket No. 161; and Plaintiff's Motion to Seal filed on January, 26, 2007 ("Motion No. 3"), Docket No. 186.

I. **LEGAL STANDARD**

Civil Local Rule 79-5 states: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise protectable under the law." Thus, the parties bear

1  the burden of explaining to the Court why something should be
2  sealed.  Furthermore, as the Commentary to Rule 79-5 makes clear,
3  there is a strong presumption against sealing documents from
4  public view.  See Commentary to Local Rule 79-5 ("As a public
5  forum, the Court has a policy of providing to the public full
6  access to papers filed in the Office of the Clerk.").

## II. DISCUSSION

### Motion No. 1

The parties have not carried their burden as to the documents submitted with Motion No. 1.  These documents consist, in part, of emails between Netblue and Spamhaus.  The Court has previously held that such emails are not confidential.  See Docket No. 173. The other documents appear to possibly be internal Netblue communications.  However, they do not on their face appear to contain trade secrets or other information protectable under the law.  Neither party has submitted arguments which would lead the Court to conclude otherwise.  Thus, Motion No. 1 is DENIED.

### Motion No. 2

The parties have also not carried their burden as to the documents submitted with Motion No. 2.  As grounds for sealing these documents, Defendants state that they contain names of Netblue's affiliates, which, Defendants claim, "is confidential and proprietary" and "summarize or quote from documents produced by Netblue that have been designated at least confidential pursuant to the Protective Order in this case."  Kroger Decl. at 1.  The Court has previously ruled that the names of Netblue's

2

affiliates are not confidential. See Docket No. 173. The other ground, which was stated baldly and without argument, is insufficient. Thus, Motion No. 2 is DENIED.

### Motion No. 3

The parties have carried their burden as to Exhibit M submitted with Motion No. 3. Exhibit M contains consumers' personal information, which is legally protectable.

The parties have not carried their burden as to Exhibit N submitted with Motion No. 3. Exhibit N lists the names of Netblue affiliates. The Court has previously ruled that the names of Netblue's affiliates are not confidential. See Docket No. 173.

Thus Motion No. 3 is DENIED in part and GRANTED in part.

### III. CONCLUSION

For the foregoing reasons, the parties' Motions to Seal are DENIED, except as to Exhibit M of Motion No. 3. Motion No. 3 is GRANTED only as to Exhibit M.

IT IS SO ORDERED.

Dated: February 5, 2007

_____
UNITED STATES DISTRICT JUDGE

3