UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITCHIE PHILLIPS, dba R&D COMPUTERS<br><br>Plaintiff,<br><br>v.<br><br>NETBLUE, INC., formerly known as YFDIRECT, INC., et al.,<br><br>Defendants. | No. C-05-4401 SC<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT JEFFREY POSLUNS' REPORT AND <u>TESTIMONY</u> |

Before the Court is a Motion by Defendants Netblue, Inc. <u>et al.</u> ("Defendants") to Strike Plaintiff's Expert Jeffrey Posluns' Report and Testimony. For the following reasons, the Motion is DENIED.

**I.   BACKGROUND**

Familiarity with the Courts' previous Orders which discuss the background of the dispute between Defendants and Plaintiff Ritchie Phillips ("Plaintiff") is assumed.

/

Regarding the instant Motion before the Court, the following facts are relevant. Plaintiff retained Jeffery Posluns ("Posluns") as an expert witness. Posluns provided an expert report to Defendants on December 7, 2006 ("Posluns Expert Report" or "Expert Report" or "Report"). See Riffer Decl., Ex. A. The Expert Report is eighteen pages long, contains inter alia fourteen expert opinions ("Opinions"), lettered A-N, and refers to twelve lengthy documents which are attached to the Report. See id. Defendants deposed Posluns for over seven hours on December 13, 2006. See Grabowski Decl., Ex. A. On December 29, 2006, Defendants filed the instant Motion. See Docket No. 159. On January 12, 2007, Plaintiff filed its Opposition, to which was attached a supplemental expert report by Posluns ("Posluns' Supplemental Expert Report" or "Supplemental Expert Report" or "Supplemental Report"). See Docket Nos. 174, 176.

**II.  LEGAL STANDARD**

Sitting in its capacity as gatekeeper, the Court must ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597(1993). In doing so, "[t]he trial court has broad discretion in admitting and excluding expert testimony." Taylor v. Burlington Northern R. Co., 787 F.2d 1309, 1315 (9th Cir. 1986). Exercise of this discretion is guided by the rule that "[t]o be admissible, expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise,

2

and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge." U.S. v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001).

**III. DISCUSSION**

Defendants offer six arguments why some or all of Posluns' Opinions should be stricken and Posluns should be prevented from testifying.  None have merit.

    A.   Posluns' Expert Report is Adequate

Defendants petition the Court to exclude eleven of Posluns' Opinions on the ground that the Expert Report does not meet the requirements of Federal Rule of Civil Procedure ("FRCP") 26(a)(2).[1]  See Motion at 2-8.  In particular, Defendants complain that the Report does sufficiently explain Posluns' bases and reasons for each of these Opinions.  See id.  This argument is without merit.

FRCP 26(a)(2) requires parties to disclose to other parties a "written report prepared and signed by" any witness whom a party intends will provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(B).  Such a report must contain, in addition to "a complete statement of all opinions to be expressed and the basis and reasons therefor," information going to the expert's qualifications to testify regarding the intended subjects of his or her testimony, information going to his or her credibility, and information going to the foundation of his or her opinions.  See

---

[1] The opinions challenged on this ground are A, B, C, D, E, H, I, J, K, L, and M.

1  id.  FRCP 37(c)(1) empowers a court to impose sanctions on a
2  party which fails to comply with FRCP 26(a)(2), which may include
3  excluding evidence from trial.  See Fed. R. Civ. P. 37(a)(1).
4       "The purpose of expert disclosure rules is to facilitate a
5  fair contest with the basic issues and facts disclosed to the
6  fullest practical extent.  Thus FRCP 26(a) and 37(c)(1) seek to
7  prevent the unfair tactical advantage that can be gained by
8  failing to unveil an expert in a timely fashion, and thereby
9  potentially deprive a [party] of the opportunity to depose the
10 proposed expert, challenge his credentials, solicit expert
11 opinions of his own, or conduct expert-related discovery."
12 Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)(internal
13 quotations omitted).
14      Posluns' Expert Report meets the requirements of FRCP
15 26(a)(2), and creates no danger of putting Defendants at any
16 tactical disadvantage.  Defendants do not complain that the report
17 was not disclosed in a timely fashion, that it contained
18 insufficient information regarding Posluns' qualifications, or
19 that it somehow deprived them of the opportunity to depose
20 Posluns.  See Motion.  Indeed, Defendants deposed Posluns for over
21 seven hours.  See Grabowski Decl., Ex. A.  Rather, they argue that
22 the bases and reasons which Posluns gives for these eleven
23 opinions was insufficient.  See Motion at 3-8.  Importantly, they
24 do not argue that Posluns failed to give any reasons or basis but
25 rather that he didn't give enough.  See id.
26      This argument fully misses the point of expert reports.  As
27 the First Circuit opinion quoted above makes clear, expert reports

4

are meant to ensure that a party has sufficient information to test a purported expert's qualifications and cross-examine and/or depose the expert regarding his or her opinions. See Poulis-Minott, 388 F.3d at 358. Posluns' Expert Report more than sufficiently provides such information. The Report lists several sources, or bases, for each opinion, which, in most cases, cross-reference more detailed information, concepts and standards contained in exhibits to the Expert Report or Requests for Comment ("RFCs") or other official sources. See Riffer Decl., Ex. A.

Based on the information provided in Posluns' Expert Report, Defendants were able to depose Posluns on his opinions and will be able to cross-examine him at trial. Indeed, the problems which Defendants allege are, in substance, subjects that would be properly raised in cross-examination. Defendants' argument that Posluns' Expert Report violates FRCP 26(a) is therefore without merit.[2]

Having found that Posluns' Expert Report is sufficient under FRCP 26(a), the Court sees no need to consider Posluns' Supplemental Report for this purpose. However, the Court notes that Defendants' argument that the Supplemental Report should be disregarded by the Court because it was submitted after various

---

[2] The cases cited by Defendants which purportedly support a contrary conclusion are completely inapposite, dealing with situations in which a party completely failed to provide required types of information. See U.S. ex rel. Mossey v. Pal-Tech, Inc., 231 F. Supp. 2d 94, 98 (D.D.C. 2002)(report failed to disclose: amount expert was paid; what exhibits expert intends to use in testimony; whether expert had published any articles); Ohime v. Foresman, 186 F.R.D. 507, 508 (N.D. Ind. 1999) (report failed to disclose whether expert had published any articles or testified in other trials).

deadlines and events had passed is without basis. See Reply at 1. As just found, Posluns' Expert Report was sufficient and therefore no prejudice was caused to Defendants by the Supplemental Report's timing. The Supplemental Report does not add anything new to Posluns' Expert Report or fill-in any gaps in required information, but rather verbalizes in advance the testimony which Posluns intends to give at trial on the bases and reasons already stated in his Expert Report. Plaintiff's decision to supplement Posluns' Expert Report was not an admission that the Expert Report was deficient, as Defendants argue. See id. Rather, it was a good faith effort by Plaintiff to ensure that Defendants had sufficient information to fairly interrogate Posluns at trial. If Posluns' Expert Report had actually been deficient, and the Supplemental Report resolved those deficiencies, the proper remedy by this Court would have been to give Defendants additional time to address the new information. It would not be, as Defendants suggest, to ignore or strike the Supplemental Report, strike the original Report, and exclude any testimony by Posluns at trial. See id. The purpose of FRCP 26(a) disclosures "is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent," Poulis-Minott, 388 F.3d at 358, not to facilitate "gotcha" strategies of litigation.

B. Posluns is Qualified to Testify as an Expert

Defendants' only explicit challenge to Posluns' qualifications as an expert relates to Posluns' Opinion F. Defendants also vaguely suggest that Posluns is not qualified to testify as an expert on the subjects described in the Expert

1 Report, generally. See Motion at 8-10. The explicit challenge is
2 without merit, and the vague suggestion is absurd.

3     "In assessing whether an expert has the appropriate
4 qualifications, the court considers whether the expert offers some
5 special knowledge, skill, experience, training, or education on
6 the subject matter." Gebhardt v. Mentor Corp., 15 Fed.Appx. 540,
7 542 (9th Cir. 2001).

8     This case is about unsolicited commercial email, or spam.
9 See Complaint. Posluns has worked for seven years in the field of
10 internet security, and is currently the chief information officer
11 of an internet security firm. See Riffer Decl., Ex. A. Posluns
12 has attained seven professional certifications related to internet
13 security. See id. Posluns has published three books on internet
14 security, including one titled Inside the Spam Cartel, and has
15 published over 10 articles or white papers on internet security,
16 including "Eliminating Spam: Postfix as a Mail Transfer Agent."
17 See id. Defendants' vague suggestion that he is not qualified to
18 testify regarding spam is silly.

19     Defendants explicitly challenge Posluns' qualifications to
20 testify regarding whether certain email subject lines are
21 misleading, suggesting that such testimony is more properly the
22 province of an "expert in consumer confusion." Motion at 10.
23 Misleading subject lines are a characteristic of spam, see
24 Controlling the Assault of Non-Solicited Pornographic and
25 Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. § 7704(2), thus an
26 expert in spam is qualified to testify on this subject.
27 /

28

C. <u>Posluns' Opinions are Reliable</u>

Defendants argue that all fourteen of Posluns' opinions are unreliable. <u>See</u> Motion at 14-19. In support, Defendants cite essentially the same short-comings which they alleged made Posluns' Expert Report inadequate. <u>See</u> <u>id.</u> As the Court stated above regarding Defendants' challenges to the adequacy of the Expert Report, the reasons and bases which Posluns gives in his Report are sufficient. <u>See</u> <u>supra</u>. The detailed, well-supported bases that the opinion cites, along with Posluns' solid expertise in the area, leave the court with no doubt about the reliability of the expert testimony he will give. <u>See</u> <u>U.S. v. Decoud</u>, 456 F.3d 996, 1012 (9th Cir. 2006). As with Defendants' arguments in support of their claim that the Expert Report violates FRCP 26(a), their arguments regarding Posluns' alleged unreliability as an expert witness are more properly made before a jury on cross-examination.

D. <u>Posluns' Opinions Do Not Simply Summarize Evidence</u>

Defendants challenge Posluns' Opinions J through N on the grounds that these opinions are simply summaries of evidence already before the jury. <u>See</u> Motion at 19-20. This argument fails.

"Expert testimony is admissible under Fed.R.Evid. 702 if it addresses an issue beyond the common knowledge of the average layperson." <u>U.S. v. Hanna</u>, 293 F.3d 1080 (9th Cir. 2002) (quotation omitted). These opinions by Posluns satisfy this standard. The opinions do not simply summarize evidence but point out certain elements of that evidence and analyze their

8

significance.  See Riffer Decl., Ex. A.  Posluns is qualified to do this because of his expertise and experience in internet security and spam, see id., whereas a layman would not be.  If Defendants believe Posluns reached the wrong conclusions regarding the significance of this evidence, again, they are free to challenge him during cross-examination.

### E. Posluns' Opinions Are Not Improperly Based on the Opinions of Others

Defendants challenge Posluns' Opinions E, F, and G, on the ground that these opinions are based, in part, on an examination of a subset of emails at issue in the case which was generated by a program which Posluns did not author.  Motion at 21-22. Defendants claim this amounts to Posluns basing his expert opinion on the expert opinion of another.  Id.  Courts in other circuits have held that an expert may not base his or her opinion on the expert opinion of another.  See, e.g., Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 409 (6th Cir. 2006).  And while this rule seems proper to the Court, it has no application here. Defendants' complaint in this regard goes to Posluns' methodology, which the Court has already found was proper.  See supra. Defendants strained attempt to transform it into a complaint about something else is unavailing.

### F. Language Used in Posluns' Opinion Is Not Unfairly Prejudicial

Defendants challenge Posluns' Opinions G through N on the ground that these Opinions use the word "spam," and thus would have an unfairly prejudicial effect which would substantially

9

1  outweigh their probative value.  See Motion at 22-24.  This
2  argument fails.
3     Federal Rule of Evidence 403 states inter alia that
4  "[a]lthough relevant, evidence may be excluded if its probative
5  value is substantially outweighed by the danger of unfair
6  prejudice . . ."  Fed. R. Evid. 403.  Thus, a party challenging
7  offered evidence on Rule 403 grounds bears a two part burden:  it
8  must first prove that the offered evidence has an unfairly
9  prejudicial "non-probative aspect," for example, an "aspect of the
10 evidence which makes conviction more likely because it provokes an
11 emotional response in the jury or otherwise tends to affect
12 adversely the jury's attitude toward the defendant wholly apart
13 from its judgment as to his guilt or innocence of the crime
14 charged"; and, assuming the party has made this initial showing,
15 it must prove that this unfairly prejudicial, non-probative aspect
16 of the evidence substantially outweighs the offered evidence's
17 probative aspect. U.S. v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.
18 1981).
19    Plaintiff's accusation that Defendants are responsible for
20 the sending of emails which are commonly understood to be "spam"
21 is at the heart of Plaintiff's case against the  Defendants.  See
22 Complaint; see also 15 U.S.C. § 7701 et seq.; Cal. Bus. & Prof.
23 Code §17529 et seq.  Plaintiff will try to prove this accusation,
24 and Defendants will try to refute it.  Analogously, when a
25 defendant is charged with murder, the government tries to prove
26 that the defendant committed the murder, and the defendant tries
27 to refute that accusation.  It does not, in the latter example,

United States District Court
For the Northern District of California

make the government's use of the word "murder" unfairly prejudicial simply because the word has a negative connotation; its negative connotation has the same source as the prohibition against the behavior it describes. As the First Circuit put it, "Rule 403 is not contravened by evidence that might show only that the defendant is guilty of the crime charged." U.S. v. Monahan, 633 F.2d 984, 985 (1st Cir. 1980). The same holds true here in regards to the Posluns' use of the word "spam" in the context of Plaintiff's effort to prove that Defendants are responsible for the sending, in violation of the CAN-SPAM Act and its California equivalent, of email which is commonly understood to be spam.

Even assuming that there was any danger that Posluns' use of the word "spam" could have an unfairly prejudicial effect, such an effect would not substantially outweigh its probative value. The word "spam" is one of common usage, with a commonly understood meaning. The CAN-SPAM Act, itself, uses the word. See 15 U.S.C. § 7703(c). Posluns' use of the word would assist the jury to make sense of the complicated technical testimony which the court has already ruled Posluns is qualified to give. See supra; see, generally, Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir., 2004). It therefore would have a significantly probative aspect which is not substantially

/
/
/
/

11

outweighed by the danger, if any, of it having an unfairly prejudicial effect.

### IV.   CONCLUSION

For the foregoing reasons, Defendants Motion to Strike Plaintiff's Expert Jeffrey Posluns' Report and Testimony is DENIED.

IT IS SO ORDERED.

Dated: February 13, 2007

_____
UNITED STATES DISTRICT JUDGE